UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

THOMAS J. ZIOL,

    Plaintiff,                                              Case No. 9:22-cv-81341

v.

COLLINS ASSET GROUP, LLC,

    Defendant.

## COMPLAINT

**NOW COMES** THOMAS J. ZIOL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COLLINS ASSET GROUP, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Southern District of Florida, Defendant conducts business in the Southern District of Florida,

and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age who resides in the Boca Raton, Florida and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6. Defendant is a third-party debt collection in the business of collecting defaulted debt owed to others. Defendant's principle office is located at 5725 W Highway 290, Austin, Texas 78735.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events giving rise to this action, Plaintiff obtained a personal loan from Loan Depot for approximately $10,000 ("subject debt").

8. In or around 2017, Plaintiff suffered financial hardship and defaulted on the subject debt.

9. Sometime thereafter, Defendant acquired the right to collect on the subject debt.

10. In late 2017, Plaintiff began receiving telephone calls from Defendant to his cellular telephone number ending in 8115.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, processor, and operator of the cellular telephone ending in 8115.

12. In or around 2018, Plaintiff began employment with Uber and heavily relied on his cellular phone for his job.

13. Sometime in 2018, after receiving multiple telephone calls placed by Defendant, Plaintiff answered requesting all calls cease, as he needed to be able to use his cellular phone at work.

14. Furthermore, Plaintiff explained that Defendant was only allowed to contact him in writing.

15. Unfortunately, Plaintiff's requests fell on deaf ears and he continued to receive unwanted calls placed by Defendant.

16. Moreover, Plaintiff is still receiving numerous of unwanted and unconsented calls placed by Defendant.

17. On or around December 16, 2021, Plaintiff spoke again with Defendant and requested once more that all calls cease and for all communications to be sent via mail.

18. Defendant has placed its collection calls from the number (305) 508-4418, but upon information and belief Defendant may be using other numbers too.

19. Concerned that his statutory rights were violated, Plaintiff searched for and retained counsel to vindicate his rights.

## DAMAGES

20. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and

telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts..

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was allegedly in default. 15 U.S.C. §1692a(6).

28. The alleged subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(3), d, and d(5) through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

32. The FDCPA, pursuant to §1692c(a)(1) prohibits communication at "a time or place known or which should be known to be inconvenient to the consumer."

33. Additionally, §1692c(a)(3) prohibits a debt collector from contacting a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

34. Defendant violated §§1692c, c(a)(1), and c(a)(3) when it knowingly placed collection calls to Plaintiff during times that it knew to be inconvenient to Plaintiff and during Plaintiff's work hours.

35. Specifically, Plaintiff had advised Defendant that his employment was reliant on the use of his phone, and that all communication must be done by mail.

36. To Plaintiff's dismay, Defendant continued to bombard his cell phone with collection calls, even during his work hours..

### b. Violations of FDCPA § 1692d

37. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged subject debt with the intent to annoy, abuse, or harass Plaintiff.

39. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

40. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, THOMAS J. ZIOL, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

41. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

42. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

43. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

44. At all times relevant to this Complaint, Defendant was and is a "person" as said term in defined under Florida Statute § 1.01(3) and is subject to the provisions of Florida Statute § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Florida Statute § 559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Florida Statute § 559.51(1).

45. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute §559.55(6).

46. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

      **a.  Violations of FCCPA § 559.72(7)**

47.     A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct, which can reasonably be expected to abuse or harass the debtor.

48.     Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant calls were not welcomed and asked Defendants to stop calling him on multiple occasions. Ignoring Plaintiff's requests, Defendant placed numerous calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff, THOMAS J. ZIOL, requests that this Honorable Court:

    a.     Enter judgment in Plaintiff's favor and against Defendant;

    b.     Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    c.     Aware Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    d.     Award Plaintiff an equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

    e.     Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Practices Act, Fla. Stat. §559.77; and

    f.     Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 30, 2022  Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue,
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com